## Commonwealth v. Wharmby et al.

*Criminal law—Misdemeanors—Practice, Q. S.—Appeals from justice of the peace — Conviction under Acts of June 8, 1881, and June 18, 1895 — Malicious destruction of crops.*

1. Misdemeanors are not summarily proceeded with in Courts of Quarter Sessions; they proceed first by hearing before the grand jury upon a bill of indictment, and then by trial before a petit jury if the indictment be found true.

2. The Court of Quarter Sessions will not try a case on appeal from a conviction before a justice of the peace, where it appears that the conviction was for the destruction of trees and crops, in violation of the Acts of June 8, 1881, P. L. 82, and June 18, 1895, P. L. 196. The proper course in such case is by presentment, indictment and trial by jury.

Appeal from summary convictions. Q. S. Schuylkill Co., Sept. T., 1924, Nos. 699, 700, 701.

*Cyrus M. Palmer*, District Attorney (with him *Joseph W. Moyer*), for Commonwealth.

*M. M. Burke* and *P. H. Burke*, for defendants.

KOCH, J., Oct. 6, 1924.—Frank Wharmby, one of the defendants, and Hiram L. Schlauch, the prosecutor in these cases, are rival claimants to a small tract of farmland, situate in the village of Nuremburg, North Union Township, this county, the former, by virtue of a tax deed to him in 1906, and the latter, by virtue of a similar deed to him in 1916. Wharmby has been exercising acts of ownership since his acquisition of the property in 1906, and when Schlauch made similar attempts in the months of April, May and June of this year by sowing crops, planting fruit trees, shrubbery, potatoes and tomatoes, Wharmby and his son Ray laid violent hands upon all the things

that Schlauch sowed and planted, and uprooted and destroyed them before any of them came to full fruition. Schlauch, therefore, prosecuted Wharmby and his son for the three several destructions of his trees and crops, basing the prosecutions upon the Act of June 8, 1881, P. L. 82, as amended by the Act of June 18, 1895, P. L. 196. The first section of the Act of 1881, as amended in 1895, is as follows: "That any person or persons who shall wilfully enter or break down, through or over any field, orchard, garden or yard-fence, hot-bed or green-house, or who shall wrongfully club, stone, cut, break, bark or otherwise mutilate or damage any field crop, nut, fruit or ornamental tree, shrub, bush, plant or vine, trellis, arbor, hot-bed, hot or green-house, or who shall trample or in anywise injure any grain, grass, vine, vegetable or other growing crop, or who shall wilfully take or carry away any grain, corn, rye, wheat or other field crop, fruit or vegetable, plants, nuts or berries, or any fruit or ornamental trees, vine or shrubs, whether the same be attached to the soil or not, shall be subject to a penalty not exceeding fifty dollars for each and every offence."

The second section of the Act of 1881 provides that: "Any justice of the peace or alderman, upon information or complaint made before him, by the affidavit of one or more persons, of the violation of said act by any person or persons, shall issue his warrant, directed to any constable or police officer, to cause such person or persons to be arrested and brought before said justice or alderman, who shall hear and determine the guilt or innocence of such person or persons so charged, and if convicted of said offence or offences, [they] shall be sentenced to pay the said penalty aforesaid, attached to said violations, with costs, one-half to go to the party or parties injured, to pay for damages sustained, and the remaining one-half to the school fund of the district in which said offence was committed: Provided, That the defendant or defendants, on refusing to pay at once said penalty, shall be committed to the common jail of the said county, for a period of not less than one day for each dollar of penalty imposed, unless the defendant or defendants enter into a recognizance with good security, to answer such complaint on a charge of misdemeanor before the Quarter Sessions of the Peace of the county in which the offence is committed," etc.

The defendants were convicted in each case, and showing cause by proper petition, applied to one of our judges and were allowed an appeal in each case. Thereupon bail in the sum of $300 was entered before the committing magistrate in each case and the appeals were taken to this court. The cases are, therefore, now before this court as charges of misdemeanor and must be tried as such. Misdemeanors are not summarily proceeded with in Courts of Quarter Sessions of the Peace; they proceed first by hearing before the grand jury upon a bill of indictment and then by trial before a petit jury, if the indictment be found true. "Where an offence is declared, by general words, a misdemeanor and made triable originally, or on appeal in the Court of Quarter Sessions without more, it must be assumed that it shall be tried as a misdemeanor, that is, disposed of according to the course of the common law, and not summarily before the judge or judges:" Com. *v.* Clark et al., 3 Pa. Superior Ct. 141.

These cases were called before the writer at the September Sessions and heard without a jury, but, in view of what has already been said, it is apparent that they must be disposed of in due course by presentment, indictment and trial by a jury.

Therefore, it becomes the duty of the district attorney to proceed accordingly.